STATE *vs.* RICHARD S. VERECKER.

Aroostook.    Opinion December 11, 1924.

*Comity between the United States and State Courts should be observed to the fullest extent when the question of immunity is properly made an issue in the State Court and the statutes of immunity should be given the broadest application.*

It is not necessary to discuss the exceptions of the respondent in this case.    His conviction is amply sustained upon grounds entirely independent of the question of immunity.    He took the witness stand in his own behalf at the trial in the State Court without claiming the immunity guaranteed by the State Constitution, as was his right, voluntarily testified that he was engaged in the liquor business, from August 11, 1922, to October 20 or 21st, 1922.    The respondent, however, contends that that admission is not sufficient to be regarded as proof that he was engaged in the business as a common seller. But any other inference would border on the realm of stultification.

On exceptions by respondent.    The respondent was indicted as a common seller of intoxicating liquor and duly arraigned and placed on trial at Houlton at the April Term of Court, 1924.    The State proceeded to prove its case by the official stenographic notes of the testimony of the respondent, taken at a trial, for conspiracy, of other parties, at the November Term, 1923, of the United States District Court, held at Bangor.    Verecker was subpoenaed by the Federal Court.    When the evidence was offered in the State Court the respondent objected to its admission, upon the contention that, inasmuch as the respondent in the Federal Court was obliged to testify against himself, regardless of his constitutional protection under the provision of Section 6, Article I. of the State Constitution,

he was entitled to immunity under the Federal Statute, which, while compelling him to furnish evidence against himself, nevertheless undertook to protect his constitutional rights by the guarantee of immunity found in the United States supplementary statutes of 1923, Section 835e. At the close of the testimony counsel for the respondent moved for a directed verdict for the respondent which was refused and exceptions taken. Exceptions overruled. Judgment for the State.

The case is stated in the opinion.

*Herbert T. Powers, County Attorney,* for the State.

*Harry M. Briggs,* for the respondent.

SITTING: CORNISH, C. J., DUNN, SPEAR, STURGIS, BARNES, JJ.

SPEAR, J. The respondent in this case was indicted as a common seller of intoxicating liquor, at the April Term of Court, 1924, at Houlton, in the County of Aroostook.

He was duly arraigned and placed on trial. The State proceeded to prove its case by presenting Cecil Clay, official stenographer, as a witness, who was requested by the County Attorney to read from his official stenographic notes the testimony of the respondent, taken at the trial for conspiracy of Edmund W. Grant and Willard S. Lewin, at the November Term, 1923, of the United States District Court, held at Bangor. Verecker was subpoenaed by the Federal Court. The federal indictment charged Grant and Lewin for engaging in a conspiracy "to unlawfully and wilfully violate sections three, title two of the act of Congress, approved October 28, 1919, commonly known as the 'National Prohibition Act' and better known as the 'Volstead Act'."

The evidence of Verecker given at the conspiracy trial was offered as an admission that "from August 11th to October 20th or 21st," 1922, he was engaged "in the liquor business." The indictment of the respondent covers these dates. The only evidence offered to prove the charge in the indictment in the State Court was precisely the same evidence given by the respondent at the conspiracy trial in the District Court, and embraced precisely the same dates.

When the evidence was offered in the State Court the respondent objected to its admission on two grounds: First, that it was incompetent as not being the best evidence. But this objection dis-

appeared during the trial. The second and the real objection was based upon the contention, and urged upon the ground, that, inasmuch as the respondent in the Federal Court was obliged to testify against himself, regardless of his constitutional protection under the provision of Section 6, Article I. of the State Constitution, he was entitled to immunity by virtue of the Federal Statute, which, while compelling him to furnish evidence against himself, nevertheless undertook to protect his constitutional rights by the following guarantee of immunity found in the United States supplementary Statutes of 1923, Section 835e.

"Incriminating Evidence. No person shall be excused on the ground that it may tend to incriminate him or subject him to a penalty of forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence in obedience to the subpoena of any court in any suit or proceeding based upon or growing out of any alleged violation of the Act; but no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing as to which in obedience to a subpoena and under oath, they may so testify or produce evidence, but no person shall be exempt from prosecution and punishment for perjury committed in so testifying."

We are of the opinion that comity between the United States and State Courts should be observed to the fullest extent when the question of immunity is properly made an issue in the State Court and that statutes of immunity should be given the broadest application.

We are, however, not called upon to discuss the exceptions of the respondent in the present case. His conviction is amply sustained upon grounds entirely independent of the question of immunity. He took the witness stand in his own behalf at the trial in the State Court and, without claiming the immunity guaranteed by the State Constitution, as was his right, voluntarily testified that he was engaged in the liquor business, from August 11, 1922, to October 20th or 21st, 1922. The respondent, however, contends that that admission is not sufficient to be regarded as proof that he was engaged in the business as a common seller. But any other inference would border on the realm of stultification.

*Exceptions overruled.*
*Judgment for the State.*